**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**EASTERN DIVISION**

| | |
|---|---|
| ALVIN DARRELL SMITH,<br><br>       Plaintiff,<br><br>   v.<br><br>UNITED STATES, *et al.*,<br><br>       Defendants. | Case No. 5:22-cv-00702-JFW (AFM)<br><br>**ORDER TO PAY THE FILING FEES OR TO SHOW CAUSE PURSUANT TO 28 U.S.C. § 1915(g)** |

   On April 22, 2022, plaintiff filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983. Plaintiff is a federal prisoner presently incarcerated at USP Victorville, in Adelanto, California. The Complaint was accompanied by a Request to Proceed Without Prepayment of Filing Fees or *in forma pauperis* ("IFP"), but did not include the required prison trust account statement and authorization. Plaintiff names as defendants the United States and numerous Bureau of Prisons personnel in Washington, D.C., United States Penitentiary-Allenwood in White Deer, Pennsylvania, Oklahoma Federal Transit Center, United States Penitentiary-Victorville, and Desert Valley Hospital, as well as a prison supply vendor. The Complaint attaches over 500 pages of exhibits and medical articles.

   Pursuant to 28 U.S.C. § 1915A, the Court is required to screen any "complaint

in a civil action" if, at the time the plaintiff files the complaint, he or she is a prisoner seeking "redress from a governmental entity." See 28 U.S.C. § 1915A(a); *Olivas v. Nev. ex rel. Dep't of Corr.*, 856 F.3d 1281, 1284 (9th Cir. 2017). A review of past civil actions filed by plaintiff in this Court and in other federal court reflects that plaintiff is subject to the provisions of 28 U.S.C. §1915(g). Under §1915(g), a prisoner may not "bring a civil action or appeal a judgment in a civil action or proceeding" without prepayment of the filing fee "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. §1915(g). Such dismissal is deemed a "strike." The Ninth Circuit has held that the phrase "fails to state a claim on which relief may be granted" as used in §1915(g), parallels the language of Fed. R. Civ. P. 12(b)(6) and carries the same interpretation; that the word "frivolous" refers to a case that is "of little weight or importance: having no basis in law or fact"; and the word "malicious" refers to a case "filed with the 'intention or desire to harm another.'" See *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005) (explaining the terms used in §1915(g)). In addition, the Ninth Circuit has held that the prior denial of IFP status on the basis of frivolity or failure to state a claim constitutes a strike for purposes of §1915(g). See *O'Neal v. Price*, 531 F.3d 1146, 1153-55 (9th Cir. 2008) (also stating that a dismissal without prejudice may count as a strike).

A plaintiff may proceed IFP in a civil action after having accumulated three strikes only upon a showing that he or she was "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The availability of the "imminent danger" exception "turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time." See *Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007). Further, "the prisoner bears the ultimate burden of persuading

the court that § 1915(g) does not preclude IFP status." *Richey v. Dahne*, 807 F.3d 1202, 1206 (9th Cir. 2015).

The Court takes judicial notice of the following prior civil actions filed by plaintiff in the District Courts nationwide that qualify as strikes for purposes of § 1915(g):

(1) *Smith v. U.S. Attorney General*, United States District Court for the Middle District of Pennsylvania, Case No. 15-01672 (dismissed action as frivolous pursuant to 28 U.S.C. § 1915(e)).

(2) *Smith v. Conley*, United States District Court for the Southern District of West Virginia, Case No. 02-00184 (dismissed action for failure to state a claim upon which relief may be granted and found that the dismissal constitutes a "strike" within the meaning of 28 U.S.C. § 1915(g)).

(3) *Smith v. Mahoning Cty Child Support Enforcement Agency*, United States District Court for the Northern District of Ohio, Case No. CV 98-02850 (dismissed action as legally frivolous pursuant to 28 U.S.C. § 1915(e)).

(4) *Smith v. District of Columbia*, United States District Court for the District of Columbia, Case No. 97-01901 (dismissed action for failure to state a claim upon which relief may be granted).

(5) *Smith v. District of Columbia*, United States District Court for the District of Columbia, Case No. 97-01987 (dismissed action for failure to state a claim upon which relief may be granted).

(6) *Smith v. District of Columbia*, United States District Court for the District of Columbia, Case No. 97-01988 (dismissed action for failure to state a claim upon which relief may be granted).

(7) *Smith v. District of Columbia*, United States District Court for the District of Columbia, Case No. 97-02484 (dismissed action for failure to state a claim upon which relief can be granted).

(8) *Smith v. District of Columbia*, United States District Court for the District of

Columbia, Case No. 97-02485 (dismissed action for failure to state a claim upon which relief may be granted).[1]

Because plaintiff had already accumulated more than three strikes before he initiated this action, plaintiff is precluded from proceeding IFP herein unless he can show that, at the time he mailed the Complaint to the Court for filing, plaintiff was "under imminent danger of serious physical injury." 28 U.S.C. §1915(g); *see Andrews*, 493 F.3d at 1053.

The allegations of the Complaint concern conditions and actions dating back as far as 2001 and at several different federal prisons. They include that plaintiff has a history of diabetes, that plaintiff's toe and other portions of his right foot were amputated in the spring of 2020, and that plaintiff had post-operative complications in March 2020. Plaintiff further alleges that his prior grievances have been ignored by prison officials. The Complaint appears to generally allege inadequate care regarding plaintiff's diabetes, a delay or failure at various times by prison officials to provide plaintiff with, *inter alia*, a special diet and prescriptions, a back brace/belt, special boots, diabetic shoes, and gloves for use with his wheelchair. The Complaint also alleges that plaintiff has had back pain and that his weight has dropped from his normal weight of 225 pounds. Plaintiff alleges that the food served in the prisons is high in carbohydrates and has caused his diabetes condition to worsen.[2] Most of these allegations arise from events that happened months or years in the past and

---

[1] In addition to the above cases, other federal courts have found that plaintiff has accumulated three or more strikes within the meaning of Section 1915(g). *See, e.g., Smith v. District of Columbia*, 182 F.3d 25 (D.C. Cir. 1999) (holding plaintiff was not entitled to proceed IFP on appeal because he had three strikes within the meaning of Section 1915(g)); *Smith v. Samuels*, Central District of California, Case No. 14-01713 (revoking plaintiff's IFP status because plaintiff had accumulated more than three prior strikes and citing other cases).

[2] Many of plaintiff's medical and diet allegations regarding USP Victorville were also raised in a prior Central District of California action brought by plaintiff, Case No. EDCV20-1015. That case was dismissed without prejudice pursuant to 28 U.S.C. § 1915(g) and is currently the subject of a pending appeal by plaintiff in the Ninth Circuit.

concern chronic conditions from which plaintiff allegedly suffers. They do not plausibly allege that plaintiff was likely to face serious physical injury at the time of the present Complaint. Accordingly, the Court tentatively concludes that the factual allegations in the Complaint fail to raise a reasonable inference that plaintiff was facing imminent danger of serious physical injury at the time that he lodged this Complaint for filing in May 2022.

Nevertheless, pursuant to 28 U.S.C. §1915(g), plaintiff shall have the opportunity to be heard on this matter before the request to proceed IFP is denied or the action is dismissed. IT THEREFORE IS ORDERED that, on or before **June 10, 2022**, plaintiff shall show cause in writing:

(1) why his prior cases cited above should not be considered strikes pursuant to 28 U.S.C. §1915(g),

(2) why leave to proceed IFP should not be denied, and

(3) why this action should not be dismissed pursuant to 28 U.S.C. § 1915(g).

In the alternative, plaintiff is advised that he may avoid dismissal of this action and allow the Court to screen the claims raised in his Complaint pursuant to 28 U.S.C. § 1915A if he pays the full filing fees by the date set forth above.

**Plaintiff's failure to timely respond to this Order to Show Cause in writing or to pay the full filing fees may be deemed as consent by plaintiff to the dismissal of this action without prejudice.**

DATED: 5/19/2022

_____
ALEXANDER F. MacKINNON
UNITED STATES MAGISTRATE JUDGE